# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CAPITOL SPECIALTY INSURANCE CORPORATION,

    Plaintiff,

v.                CIVIL ACTION NO. 2:16-cv-11340

TAYWORSKY LLC, et al,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint, to Serve Defendant Melissa Tate via Publication and, in the alternative, for Service by a United States Marshal. (ECF No. 34.) For the reasons that follow, the motion is **GRANTED**. The Court **ORDERS** that the Second Amended Complaint be filed. The Court further **ORDERS** that Plaintiff is authorized to serve Tate by publication.

### I. BACKGROUND

In what remains of this declaratory judgment action, Plaintiff Capitol Specialty Insurance Corporation seeks a determination of its liability insurance coverage with respect to Defendant Melissa Tate's state tort suit pending against Defendant Tayworsky LLC, d/b/a/ Monkey Barrel Bar ("Tayworsky"). Plaintiff seeks a declaration that it has no duty to defend or indemnify Tayworsky in that related litigation.

Tayworsky operates a bar in downtown Charleston, West Virginia. Tate suffered a gunshot injury while patronizing the bar on July 4, 2015. At the time, Tayworsky was covered

by a general commercial liability insurance policy issued by Plaintiff. Plaintiff initiated the instant declaratory judgment action on November 23, 2016 after Keona Brock, another patron injured during the shooting, filed a state court lawsuit alleging that Tayworsky caused her injuries by failing to provide adequate security. Though Tate had not yet filed a lawsuit of her own, Plaintiff joined her as a Defendant in anticipation that she would soon do so.

Plaintiff served Brock and Tayworsky without complication. Service on Tate has proved more difficult. Plaintiff's process server tried unsuccessfully to locate Tate and the attorney retained to provide representation in the anticipated state court matter refused to accept process on Tate's behalf. Eventually, the parties agreed to mediate all claims arising out of the July 4, 2015 incident. The mediation was held on June 22, 2017. Brock's underlying state case was settled at the mediation and Brock has since been dismissed as a party to this suit. (*See* Order, ECF No. 33.) Though Tate appeared in person at the mediation, Plaintiff made no attempt at service because the time for service of process had lapsed. The mediation was unsuccessful as to Tate's claims and Tate proceeded to file her state court lawsuit on July 3, 2017.

The Court thereafter extended the deadline to effect service on Tate to September 30, 2017. Plaintiff has since made extensive attempts to serve Tate, all unsuccessful. Plaintiff now moves to file a Second Amended Complaint and to serve Tate by publication. Not surprisingly, Tate has not responded.

## II. DISCUSSION

Plaintiff's motion presents dual requests: a request for leave to file a Second Amended Complaint and a request for authorization to serve Tate by publication. The Court addresses each request in turn.

A.   *Motion to Amend*

Leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). "'[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). However, where a motion for leave to amend pleadings is filed past the deadline established by the scheduling order, the movant must meet the "good cause" standard for modification of a scheduling order as well as the Rule 15(a) standard. Fed. R. Civ. P. 16; *see Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16).

The Scheduling Order previously entered in this action set a deadline of April 17, 2017 for amendment of pleadings. Nevertheless, good cause exists for the amendment of Plaintiff's pleading because Tate recently filed a state court lawsuit against Plaintiff's insured. The Rule 15(a) standard also weighs in favor of amendment. Tate will suffer no prejudice because she has not yet been served. The failure to achieve service is not due to bad faith or lack of diligence on Plaintiff's part, however. As explained below, Plaintiff has pursued all feasible methods to locate and serve this Defendant. The lack of service despite those efforts suggests that Tate is purposefully evading service. The Court therefore **GRANTS** leave to file the Second Amended Complaint.

B.   *Motion to Serve via Publication*

According to Federal Rule of Civil Procedure 4(e)(1),

an individual—other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; . . . .

West Virginia Rule of Civil Procedure 4(e)(1) provides for service by publication if the plaintiff first files an affidavit stating "[t]hat the plaintiff has used due diligence to ascertain the residence or whereabouts of the defendant, without effect." In this context, "'[d]ue diligence' means the exercise of a reasonable effort to locate a person's residence so that notice . . . may be provided." *Cook v. Duncan*, 301 S.E.2d 837, 841 (W. Va. 1983) (citation omitted).

Plaintiff has submitted two affidavits, one from its investigator and the other from its counsel, in support of the request to serve Tate by publication. (Aff. of Darren Brown, ECF No. 34-2; Aff. of John McCuskey, ECF No. 34-3.) Plaintiff's investigator attests that he began his search for Tate in January 2017 when he visited Tate's last known address. The residence appeared to be vacant. Conversations with Tate's neighbors raised concern that Tate had moved. Inquiries to the West Virginia Department of Motor Vehicles and the United States Postal Service were fruitless and phone calls placed to a cellphone number allegedly belonging to Tate were never returned. Eventually, the investigator's inquiries led him to Tate's mother. Tate's mother refused to accept service on behalf of her daughter and refused to divulge her daughter's whereabouts. She suggested that Tate had moved out of state. When a credit and utility database provided an address for Tate in Georgia, the investigator contacted a local process server, scoured Tate's social media account, and performed additional electronic searches. Still, the investigator could not confirm Tate's Georgia address nor her residence in that state. Meanwhile, Tate

4

appeared at a mediation in Charleston on June 22, 2017 and filed a lawsuit in West Virginia state court days later.

The affidavit of Plaintiff's counsel supports the investigator's testimony. It also details the refusal of Tate's attorney in the state court matter to accept service on Tate's behalf in connection with this lawsuit. Tate's attorney has also declined to supply his client's contact information. These affidavits persuade the Court that Plaintiff has used due diligence to ascertain Tate's whereabouts. It is obvious that Tate is avoiding service. This should not be so difficult. Accordingly, Plaintiff's motion to serve Tate by publication is **GRANTED**. W. Va. R. Civ. P. 4(e)(1)(C); Fed. R. Civ. P. 4(e)(1).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**. (ECF No. 34.) The Court **ORDERS** that the Second Amended Complaint be filed as the operative pleading in this matter. The Court **ORDERS** that Plaintiff is authorized to serve Tate by publication and **DIRECTS** Plaintiff to provide a proposed Order granting publication in a manner consistent with West Virginia law.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 10, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE